UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA DEL CARMEN GUIDO,<br><br>　　Plaintiff<br><br>v.<br><br>ALBERTSON'S LLC,<br><br>　　Defendant | Case No.: 2:23-cv-01229-APG-NJK<br><br>**Order Granting Partial Summary Judgment for Defendant and Denying Plaintiff's Countermotion for Sanctions**<br><br>[ECF Nos. 22, 23] |

　　Plaintiff Maria Del Carmen Guido sued Albertson's LLC after she slipped and fell in an Albertson's store's floral department, allegedly due to water on the floor. She brought claims for premises liability negligence and negligent hiring, training, supervision, and retention. Albertson's moves for summary judgment on all claims. Guido argues that Albertson's either failed to adequately protect against known hazards or caused the hazard by using a leaky bucket. Guido also claims that Albertson's spoliated evidence and moves for sanctions.

　　The parties are familiar with the facts, so I do not set them forth in full here. I grant Albertson's motion for summary judgment for the negligent hiring, training, supervision, and retention claims. But I deny Albertson's motion for judgment on the negligence claim because genuine disputes of material fact remain regarding the cause and duration of the water on the floor. I deny Guido's motion for sanctions.

**I.　DISCUSSION**

　　Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A.  Negligent hiring, training, supervision, and retention (Counts 2, 3, and 4)**

Albertson's argues that Guido has failed to identify any specific employee who was unfit and failed to offer any evidence that Albertson's was negligent in hiring, training, supervising, or retaining any employee.  Guido does not respond to Albertson's motion on these claims.  Because Guido bears the burden of proof at trial, Albertsons "need only prove that there is an absence of evidence to support [Guido's] case." *In re Oracle Corp Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010); *Celotex*, 477 U.S. at 325 (stating that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case").  Because Guido did not respond to this portion of Albertson's motion, she did not point to evidence raising a genuine dispute for any of these claims.  Therefore I grant Albertson's motion for summary judgment on Guido's negligent hiring, training, supervision, and retention claims.

### B. Premises Liability Negligence (Count 1)

Albertson's argues that Guido failed to produce any evidence to demonstrate that it had actual or constructive notice of the water on the floor. Guido responds that Albertson's either had constructive knowledge of the spill because of the prevalence of water dripping in the floral department or that Albertson's caused the spill by using a leaky water bucket in the floral display.

"A business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012) (simplified). Although Albertson's is not automatically liable for an accident occurring on its premises, Guido may establish liability either (1) by proving that Albertson's or its employees caused the water to be on the floor, or (2) by proving that Albertson's had actual or constructive notice of the condition and failed to remedy it. *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322-23 (Nev. 1993). Whether the business had constructive notice of the hazardous condition is generally "a question of fact properly left for the jury." *Id.* at 323.

Viewing the evidence in the light most favorable to Guido, a reasonable jury could conclude that Albertson's breached its duty. The Albertson's Rule 30(b)(6) witness testified that customers do not always place flowers in plastic bags when they remove the flowers from the water buckets, causing water to drip on the floor. ECF No. 23-1 at 34-35. Albertsons has some carpeted mats in the floral area, but they do not completely surround the floral displays. *Id.* at 42-43; ECF No. 23-4. The parties also dispute when the most recent sweep of the area was completed or whether the sweeper covered the floral department, and the excerpted video exhibit does not show a sweeper during the 20-minute period covered in the exhibit. ECF Nos. 23-1 at 35-40; 24. After Guido's fall, an Albertson's floral employee is seen on the video twice

removing empty water buckets from the area of the fall, which may support an inference that one or both were leaking, particularly because the employee places one bucket atop a stack of buckets but places the other bucket in a separate location. ECF No. 24 at 15:25, 19:15.[1] Additionally, as discussed below, Albertson's either did not create or did not preserve its customer/vendor worksheet that would have contained its investigative findings as to the source of the water on the ground.  A reasonable jury could infer that Albertson's lost or destroyed this evidence because it was unfavorable to Albertson's.  I therefore deny Albertson's motion for summary judgment as to Guido's premises liability negligence claim.

**C.  Spoliation**

Guido moves for sanctions, contending that Albertson's lost or destroyed its customer/vendor worksheet even though Albertson's was on notice that Guido was injured in her fall.[2]  She requests sanctions either establishing conclusively that Albertson's had notice of the hazard or by issuing an adverse presumption as to both liability and damages.  Albertson's argues that there is not sufficient evidence to show that the document ever existed or that it would have been useful to Guido, so sanctions are not warranted.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *In re Nat'l Consumer Mfg., LLC*, No. 2:10-cv-00930-PMP-PAL, 2011 WL 1300540, at *8 (D.

---

[1] Times cited are for the video excerpt submitted as a manual filing under ECF No. 24, which begins at 3:11:50 p.m. on Sunday, July 4, 2021.  The corresponding times of day for when the employee moved the water buckets are 3:27:03 and 3:30:56 p.m.

[2] Guido and Albertson's did not comply with Local Rule IC 2-2(b).  Guido did not file separate documents for her opposition and motion, and Albertson's did not file separate documents for its reply and opposition.  I advise the parties to comply with the Local Rules in the future.

Nev. Mar. 31, 2011). I have inherent power to sanction a party for spoliation of evidence. *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).[3]

A party spoliates evidence "only if [it] had 'some notice that the documents were potentially relevant' to the litigation before they were destroyed." *United States v. Kitsap Physicians Serv.*, 314 F. 3d 995, 1001 (9th Cir. 2002) (quotation omitted). "The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *In re Nat'l Consumer Mtg., LLC*, 2011 WL 1300540, at *8. The party seeking sanctions bears the burden of establishing spoliation by showing that the spoliating party (1) destroyed or lost the evidence and (2) had notice that the evidence was potentially relevant to the litigation before it was lost or destroyed. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015).

If I find spoliation, sanctions may include, among other things, dismissal, excluding evidence, or giving a rebuttable presumption or adverse inference instruction. *See Unigard*, 982 F.2d at 368-69; *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380-81 (9th Cir. 1988). In choosing among sanctions, if any, I consider such circumstances as whether the destruction was inadvertent or willful; whether other evidence exists to establish the non-offending party's case; the effectiveness of various sanctions given the circumstances; the relationship between the misconduct and the matters in dispute in the action; and prejudice to the other party, including whether the other party had an opportunity to inspect the evidence prior to its destruction. *See Unigard*, 982 F.2d at 369; *Halaco Eng'g Co.*, 843 F.2d at 380-82. I "should choose the least

---

[3] At the time of Guido's fall, Albertson's practice was to fill out customer/vendor worksheets by hand, although it has since switched to an online filing system. ECF No. 23-1 at 85-86. Thus, sanctions for failure to preserve the physical worksheet from 2021 fall under my inherent powers, rather than Federal Rule of Civil Procedure 37(e) governing electronically stored information. *See Gregory v. State of Montana*, 118 F.4th 1069, 1077-78 (9th Cir. 2024).

onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the other party." *Harfouche v. Stars On Tour, Inc.*, No. 2:13-cv-00615-LDG-NJK, 2016 WL 54203, at *3 (D. Nev. Jan. 5, 2016).

Guido has presented evidence suggesting that Albertson's should have created a customer/vendor worksheet and preserved it. The Albertson's Rule 30(b)(6) witness testified that this worksheet needs to be filled out after every incident and accident at the property. ECF No. 23-1 at 22. He also testified that the worksheet is normally submitted to the Albertson's claims department. *Id.* at 33. An email from Albertson's insurance adjuster requested several documents related to Guido's incident, including the customer/vendor worksheet, and instructed Albertson's managers to respond to the email if they did not have any of the requested items. ECF No. 23-7. Albertson's has not produced any evidence showing that they reported the customer/vendor worksheet was missing or that the insurance adjuster made further requests for it. Albertson's knew about Guido's fall, took her statement, and took photos of the scene, putting it on notice to preserve documents. ECF Nos. 23-1 at 32-33; 23-3; 23-4. Guido is potentially prejudiced by the missing form because it would have identified Albertson's conclusions about how the water got onto the floor. ECF No. 23-1 at 33, 102.[4]

Whether Albertson's ever created a customer/vendor worksheet for Guido's fall is a question of fact for the jury to determine. I therefore decline to issue sanctions because Albertson's cannot spoliate evidence that never existed. The jurors will be able to evaluate

---

[4] For reasons that are not explained in the record, the Albertson's insurance adjuster listed a cause of the incident as "S/T/F - LEAK" in its report. ECF No. 23-6 at 3. Albertson's contends that this document is inadmissible hearsay. Even considering this document, I deny Guido's request for sanctions, so I need not determine the hearsay issue at this time.

witness credibility, weigh the explanations (if any) given for the missing evidence, and attach whatever significance to that evidence they find appropriate.

## II. CONCLUSION

I THEREFORE ORDER that defendant Albertson's LLC's motion for summary judgment (**ECF No. 22**) **is GRANTED in part**.

IT IS FURTHER ORDERED that plaintiff Maria Del Carmen Guido's countermotion for sanctions (**ECF No. 23**) **is DENIED**.

DATED this 12th day of December, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE